UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DEBORAH COYNE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-00144-JAW |
| | ) | |
| DAN BROWN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDATION REGARDING CIVIL RIGHTS COMPLAINT**

Deborah Coyne has filed an incongruous letter complaint naming Dan Brown as her sole defendant and seeking to proceed in forma pauperis (IFP). Coyne wants redress from Brown under the Clean Air Act due to emissions from a property across from her that is owned by Brown.[1] I now grant Coyne leave to proceed in forma pauperis and recommend that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because no relief can be granted on the claim as currently stated.

**DISCUSSION**

In her original pleading (Doc. No. 1), Coyne asserts that Brown is responsible for her "vicious, invisible murder" due to emissions from his "criminal camps." Coyne characterizes Brown as evil, criminal, and a pervert. She describes her suffering as including a loss of equilibrium and burning eyes, stomach, and throat.

On April 8, 2011, I entered an order reserving ruling on the IFP and indicated,

> plaintiff's "complaint" is not in the proper form nor does it clearly provide
> identifying information about the defendant and where he resides or does

---

[1] Coyne does not invoke this court's diversity jurisdiction nor does it appear she could as it certainly appears that Brown is also a Maine resident.

business, nor does it explain what sort of business creates the air pollution about which she complains. This "complaint" at this juncture is subject to summary dismissal, but I will give plaintiff until April 25, 2011 to submit an amended complaint that properly states a claim pursuant to the federal rules of civil procedure and the federal statutory provisions plaintiff seeks to rely upon, before I rule on her IFP application.

(Doc. No. 3.) Coyne has now filed another letter-type pleading. In this four-page missive she refers to her previous pleading as a "criminal complaint" against Brown. She indicates apropos Brown, "This person has many intrigues going on. The one that concerns me particularly is the opening up of land, across Rt. # 2 from me, that he filled with illegal houses with wood- stoves (inside) that is poisoning me quickly. I cannot live without air! He stole it from me." (April 14, 2011, Letter at 1, Doc. No. 4.) Coyne describes Brown as owning the sheriff's department and state troopers operating in her county. (Id. at 2.) She represents that the land and buildings are now for sale and predicts that whoever buys this real estate will be "consumed with poisonous air again." (Id.) She opines: "The Federal Clean Air Act is being broken over my head!"[2]

**Screening pursuant to 28 U.S.C. § 1915(e)(2)(B)**

With regards to a proceeding in forma pauperis such as this, the United States Congress has directed: "[T]he court shall dismiss the case at any time if the court determines that -- … (B) the action…-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Franklin v. Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984)); accord Denton v. Hernandez, 504 U.S. 25, 33

---

[2] Coyne also makes several comments about pedophilia and homosexuality which are certainly immaterial to any claim under the Clean Air Act for purposes of my review. She also seems to place responsibility on Brown for recent area robberies of third-parties and animal abuse, but such intimations are likewise irrelevant to such a claim.

2

(1992); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

As relevant to Coyne's action against Brown, the Clean Air Act provides with respect to citizen suits:

> (a) Authority to bring civil action; jurisdiction
> Except as provided in subsection (b) of this section, any person may commence a civil action on his own behalf—
>> **(1)** against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter
>> ….
> (b) Notice
> No action may be commenced--
>> **(1)** under subsection (a)(1) of this section—
>>> **(A)** prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, ….
>> …

42 U.S.C. § 7604(a),(b). The relevant federal regulation vis-à-vis notice reads:

> Violation of standard, limitation or order. Notices to the Administrator, States, and alleged violators regarding violation of an emission standard or limitation or an order issued with respect to an emission standard or limitation, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order which has allegedly been violated, the activity alleged to be in violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name and address of the person giving the notice.

40 CFR § 54.3 (b).

Coyne does not plead that she has given notice as required by the statute and reading her two letter pleadings as a whole, with all the invective, vitriol, and peripheral accusations, I do not

think it is plausible that she has done so. See Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct 1937 (2009); Neitzke, 490 U.S. at 327-28.[3] This conclusion is also supported by the absence in the two pleadings of the kinds of specifics Coyne would have had to provide as detailed in 40 CFR § 54.3 (b) such as what particular standard in the CAA she is charging Brown with violating. If she had met this notice burden it would have only been logical for her to integrate these specifics in her pleadings to the court. Complying with this notice provision is a <u>mandatory</u> pre-condition to bring such an action and failure to comply with this notice provision prior to bringing suit is clearly grounds for dismissal of a CAA action. See, e.g., Dodge v. Mirant Mid-Atlantic, LLC, 732 F.Supp.2d 578, 582 (D.Md. 2010)(expressly addressing the pre-filing notice requirement of 42 U.S.C. § 7604 under the Clean Air Act, drawing on Hallstrom v. Tillamook County, 493 U.S. 20, 26 (1989)); Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F.Supp.2d 1078, 1087 (E.D. Cal 2006) (same).

## CONCLUSION

I now grant Coyne leave to proceed <u>in forma pauperis</u> and I recommend that this complaint be dismissed.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] If Coyne has done so she can address this with the Court in an objection to my recommended decision. The fact that my recommendation turns on the mandatory notice provision of the CAA does not mean that there are not other reasons this suit might be dismissed at the screening stage.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 26, 2011